### 10630

### HARMON v. DRIGGERS *ET AL.*

#### (107 S. E. 923)

SCHOOLS AND SCHOOL DISTRICTS—CONDITION THAT PREMISES BE USED AS SCHOOL FOR WHITE CHILDREN ONLY NOT BREACHED BY ·USE FOR OTHER MEETINGS.—A condition in a deed conveying property to school trustees that the premises shall be used as a school for white children only is not breached by the use of the·building for preaching and divers other purposes, presumably when not needed for school purposes, since the word "only" refers to white children, and not to the use of the building as a school.

Before MAULDIN, J., Berkeley, December, 1920. Reversed·

Action by Reuben G. Harmon against J. J. Driggers et al, individually and as trustees School District No. 24, Berkeley County. From order overruling a demurrer to the complaint, the defendants appeal.

*Messrs. Thomas P. Stoney and J. D. E. Meyer,* for appellants, cite: *Plaintiff is suing for himself and others of a class on a cause of action personal to himself:* Pom. Rem. & Rem. Res. 439; 3 Strob. Eq. 335; 4 S. C. 514; 17 S. C. 204; 64 S. C. 224. *Strangers cannot take advantage of breach of condition in a deed:* 65 S. C. 251; 75 S. C. 428; 18 C. J. 365. *Complaint states no cause of action:* 105 S. C. 525; 24 S. C. 39; 74 S. C. 360; 64 S. C. 120. High on Injunc. Secs. 1298, 1301; 10 A. & E. Enc. Pl. & Pr. 897-900. *Must first show that he has made an effort to have trustees stop the alleged abuse:* 105 S. C. 537; 74

S. C. 560; 51 S. C. 388; 103 S. C. 531. *Trustees are in charge of school property:* Sec. 1761, 1 Civ. Code 1912. *County Board is tribunal for trial of local controversies:* Sec. 1736 Id. *No other procedure proper:* 15 S. C. 552; 103 S. C. 534; 106 S. C. 292. *Proviso in deed not a condition or restrictive convenant:* 8 R. C. L. 1103; 3 Ann. Cas. 36; 103 S. C. 312. *No substantial injury and equity will not take cognizance of technical or immaterial violations:* 19 C. J., Par. 464., p. 399. *Use of school house for religious purpose:* 5 A. L. R. 841, 886.

*Messrs. Wolfe & Dennis* for respondent. No citations.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff, Reuben C. Harmon, conveyed to the defendants, Driggers, Brown, and J. H. Harmon, a half acre lot of land "for the purpose of erecting and maintaining a public school for white children only." This action is brought to prevent the defendants from using said lot for any other purpose. The complaint alleges:

4. "That said deed contains a proviso that such lot of land shall be used 'for the purpose of erecting and maintaining a public school for white children only.'"

5. "That, in violation thereof, the defendants have permitted, and continue to permit, the said premises and the buildings thereon to be used for other purposes than school purposes, to wit: For preaching and for divers other purposes."

This action is brought in behalf of himself and all others in like interest with himself, to enjoin the defendants from allowing the use of the property for other than holding of a public school. The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and this appeal was taken.

There are several exceptions, but only one need be considered, as, that exception being sustained, the other questions are immaterial. The deed is referred to in the complaint, and is set forth in the case. It appears that, for a valuable consideration, the plaintiff conveyed to the defendants a lot of land "for the purpose of erecting and maintaining a public school for white children only." This action is brought on the theory that the word "only" refers to its use as a public school. It does not, the word "only" refers to white children. There is no allegation or intimation that the use in any other way interferes with the public school for white children. What the other uses are is not stated, and cannot be considered. Courts in a Christian land cannot be supposed to take judicial notice that holding a preaching service in a schoolhouse when not required for a public school purpose is breach of the condition, if indeed there be a condition in the deed. The complaint alleges no interference with the rights of the plaintiff, or those whom he claims to represent.

The order overruling the demurrer is overruled, and the judgment reversed.